Jeffrey G. Maxwell, OSB #070235
jeffreym@bcmjlaw.com
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
Counsel for Plaintiffs
Northwest Carpenters Trusts and
Southwest Carpenters Vacation Trust

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NORTHWEST CARPENTERS HEALTH AND SECURITY TRUST; NORTHWEST CARPENTERS RETIREMENT TRUST; and SOUTHWEST CARPENTERS VACATION TRUST, <br><br>    Plaintiffs, <br><br> v. <br><br>L.J. PEARSON CONSTRUCTION, INC., an Oregon corporation, <br><br>    Defendant. | Case No. 6:24-cv-01263 <br><br>COMPLAINT FOR MONETARY DAMAGES |

## I. PARTIES

1.1  Plaintiff Northwest Carpenters Health and Security Trust (the Health and Security Trust) is a Taft-Hartley trust fund through which the Trustees can create and administer one or more Employee Welfare Benefit Plans, including the provision of hospital, medical, dental, vision, disability or death benefits and any other similar benefits, or any combination thereof, for the Participating Employees on whose behalf the contributions have been paid, and their Beneficiaries. The Health and Security Trust maintains its principal office in Seattle, King County, Washington.

COMPLAINT FOR MONETARY DAMAGES – 1
6:24-cv-01263

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Prior to January 1, 2022, it was named the Carpenters Health and Security Trust of Western Washington.

1.2     Plaintiff Northwest Carpenters Retirement Trust (the Retirement Trust) is a Taft-Hartley trust fund through which the Trustees can create and administer one or more defined benefit Employee Pension Benefit Plans, including the provision of retirement and associated death benefits, for the Participating Employees on whose behalf the contributions have been paid, and their Beneficiaries.  The Retirement Trust maintains its principal office in Seattle, King County, Washington.  Prior to January 1, 2022, it was named the Carpenters Retirement Trust of Western Washington.

1.3     Plaintiff Southwest Carpenters Vacation Trust (the Vacation Trust) is a Taft-Hartley trust fund through which the Trustees can create and administer one or more benefit plans, including the provision of vacation benefits, for the Participating Employees on whose behalf the contributions have been paid, and their Beneficiaries.  The Vacation Trust maintains its principal office in Los Angeles, Los Angeles County, California.  It is the successor trust to the Northwest Carpenters Vacation Trust by way of a merger effective July 1, 2024.  The Northwest Carpenters Vacation Trust was the successor trust to the Oregon-Washington Carpenters-Employers Vacation Savings Trust Fund by way of a merger effective July 1, 2021.

1.4     The northwest Plaintiffs are commonly known as and referred to collectively as the Northwest Carpenters Trusts.

1.5     Upon information and belief, Defendant L.J. Pearson Construction, Inc. is an Oregon corporation with its principal place of business in Springfield, Lane County, Oregon.  At all relevant times, L.J. Pearson has conducted business within this District.

COMPLAINT FOR MONETARY DAMAGES – 2
6:24-cv-01263

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

## II. JURISDICTION AND VENUE

2.1     This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

## III. FACTS

3.1     On or about May 19, 2017, Lorne Pearson, identifying himself as "Owner", executed a Compliance Agreement on behalf of L.J. Pearson that binds the company to the *Carpenters Master Labor Agreement between Oregon-Columbia Chapter the Associated General Contractors of America, Inc. and Pacific Northwest Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America*, effective July 15, 2016 (the Master Labor Agreement):

> 1. DESIGNATED LABOR AGREEMENT: The Employer adopts and agrees to abide by the following Labor Agreement(s):
>
> ☒ OR/SW WA Master Labor Agreement Re by: AGC of OR Effective: 7/15/16 to 5/31/19

3.2     The Master Labor Agreement contains an evergreen clause and renews annually unless replaced by a subsequent agreement or terminated by one of the Parties. The version of the Master Labor Agreement in effect during the relevant time period was the *Carpenters Master Labor Agreement between Oregon-Columbia Chapter the Associated General Contractors of America, Inc. and Pacific Northwest Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America*, effective June 1, 2019.

COMPLAINT FOR MONETARY DAMAGES – 3
6:24-cv-01263

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.3     By signing the Compliance Agreement, L.J. Pearson agreed to make fringe benefit contributions to the Northwest Carpenters Trusts and be bound by the written terms and conditions of their respective trust agreements:

> 3.    TRUST FUND OBLIGATIONS: The undersigned Employer hereby becomes a party to the applicable Trust Agreements for the trust funds or their successors identified in the designated Labor Agreement. The Employer agrees to be bound by the written provisions and procedures of said Trust Agreements, any present or future amendments, and any successor Trust Agreements. Employer accepts as its lawful representatives the employer trustees who are not or who may hereafter serve on the Board of Trustees of the respective Trusts as determined by the Trust Agreements.

3.4     Prompt payment of wages and fringe benefit contributions is an essential term of the Compliance Agreement.

3.5     The Northwest Carpenters Trusts are beneficiaries under the terms of the Compliance Agreement and the applicable collective bargaining agreement.

3.6     By executing the Compliance Agreement, as discussed above, L.J. Pearson agreed to the written terms of the trust agreements for the: (i) Northwest Carpenters Health and Security Trust; (ii) Northwest Carpenters Retirement Trust; and (iii) Northwest Carpenters Vacation Trust.

3.7     L.J. Pearson's obligations under the Health and Security Trust are set forth in Article IX, Sections 9.01 – 9.07 of the *Trust Agreement Governing the Northwest Carpenters Health and Security Trust*. Under the Health and Security Trust, L.J. Pearson agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month following the month in which the contributions are payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust fund;

COMPLAINT FOR MONETARY DAMAGES – 4
6:24-cv-01263

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8     L.J. Pearson's obligations under the Retirement Trust set forth in Article IX, Sections 9.01 – 9.07 of the *Trust Agreement Governing the Northwest Carpenters Retirement Trust*. Under the Retirement Trust, L.J. Pearson agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month following the month in which the contributions are payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust fund;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9     L.J. Pearson's obligations under the Vacation Trust are set forth in Article IX, Sections 9.01 – 9.06 of the *Trust Agreement Governing the Northwest Carpenters Vacation Trust*. Under the Vacation Trust, L.J. Pearson agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month following the month in which the contributions are payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust fund;

COMPLAINT FOR MONETARY DAMAGES – 5
6:24-cv-01263

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.10     Upon information and belief, following execution of the Compliance Agreement, L.J. Pearson used employees to perform covered work on the three public works projects subject to the scope of the Master Labor Agreement.

3.11     In 2020, L.J. Pearson was selected for an audit of its payroll and related business records to determine whether the company had properly reported and paid fringe benefit contributions for the period May 2015 through May 2019.

3.12     Following a review of L.J. Pearson's records, July 27, 2022, the Trust Funds' auditor issued their report, concluding the company owed $94,456.72, consisting of $55,618.01 in underreported/unpaid fringe benefit contributions, $10,093.58 in liquidated damages, and $21,3210.13 in accrued prejudgment interest. The auditor also found $59,352.50 in unauthorized payments/contributions overpayments.

3.13     The Trust Funds administration office undertook a net-out analysis of the underpayment/overpayments set forth in the audit and concluded that $30,755.35 in fringe benefit contributions were still owed by L.J. Pearson when taking into account the federal government's anti-rescission rules for both healthcare and retirement, plus additional amounts for liquidated damages and accrued interest due to non-payment.

3.14     L.J. Pearson has not paid the audit delinquency despite multiple written demands.

COMPLAINT FOR MONETARY DAMAGES – 6
6:24-cv-01263

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.15     As of today, L.J. Pearson owes the Northwest Carpenters Trusts the $30,755.35 in underreported/unpaid fringe benefit contributions, plus additional amounts for liquidated damages, prejudgment interest, attorney fees, and costs of collection.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1     The Northwest Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 –3.15 above.

4.2     L.J. Pearson's failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Compliance Agreement and the Master Labor Agreement, to which the Northwest Carpenters Trusts are intended third-party beneficiaries.  L.J. Pearson's failure to fully pay fringe benefit contributions it reported also constitutes breaches of the Trust Agreements, the terms of which L.J. Pearson agreed to when it signed the Compliance Agreement and became party to the Master Labor Agreement.

4.3     As a result of L.J. Pearson's breach, the Northwest Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $30,755.35, representing the audit delinquency, plus other ancillary charges including additional prejudgment interest, attorney fees, and costs of collection.

### Second Cause of Action
### (Violation of ERISA)

4.4     The Northwest Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.15 above.

COMPLAINT FOR MONETARY DAMAGES – 7
6:24-cv-01263

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4.5     L.J. Pearson's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6     As a result of L.J. Pearson's violations of ERISA, the Northwest Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $30,755.35, representing the audit delinquency, plus other ancillary charges including additional prejudgment interest, attorney fees, and costs of collection.

## V. REQUESTED RELIEF

Plaintiffs Northwest Carpenters Trusts and Southwest Carpenters Vacation Trust respectfully request the Court grant the following relief:

A.  Judgment in favor of the Northwest Carpenters Trusts against L.J. Pearson, in an amount to be determined at trial, but not less than $2,048.80 as set forth in the audit report, consisting of:

   1.  $30,755.35 in past-due and delinquent fringe benefit contributions owed by Defendant L.J. Pearson, pursuant to the terms of the labor and trust agreements to which L.J. Pearson is a party;

   2.  $10,093.58 in liquidated damages owed by Defendant L.J. Pearson pursuant to the terms of the labor and trust agreements to which L.J. Pearson is a party; and

   3.  $21,3210.13 in accrued, prejudgment interest owed by Defendant L.J. Pearson pursuant to the terms of the labor and trust agreements to which L.J. Pearson is a party.

B.  An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which L.J. Pearson is a party, and as authorized under ERISA;

C.  An award of post-judgment interest at the 12% rate specified by the applicable trust agreements, and as authorized under ERISA; and

D.  Any other such relief under federal law or as is just and equitable.

COMPLAINT FOR MONETARY DAMAGES – 8
6:24-cv-01263

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Dated: August 2, 2024.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, OSB #070235
**Barlow Coughran Morales & Josephson, P.S.**
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@bcmjlaw.com

Counsel for Plaintiffs
Northwest Carpenters Trusts and
Southwest Carpenters Vacation Trust

COMPLAINT FOR MONETARY DAMAGES – 9
6:24-cv-01263

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900